[Civil No. 2159.   Filed June 16, 1924.]

[226 Pac. 1089.]

## PEPPERS FRUIT COMPANY, a Corporation, Appellant, v. CHARLES C. CURRY, Appellee.

1. APPEAL AND ERROR—APPELLATE COURT WILL NOT WEIGH EVIDENCE OR DECIDE AS TO ITS PREPONDERANCE.—In an action for breach of contract the reviewing court will not weigh the evidence or decide which way it preponderates, since these functions belong to the jury.

2. TRIAL — IMMATERIAL WHETHER EVIDENCE SUPPORTING ISSUE WAS DEVELOPED IN PLAINTIFF'S OR IN DEFENDANT'S CASE. — In an action against a commission company for breach of contract to receive and market lettuce, whether the agency of defendant's alleged agent in refusing to receive lettuce was developed in the plaintiff's or in defendant's case was immaterial.

3. FACTORS—EVIDENCE OF MARKET VALUE OF LETTUCE HELD SUFFICIENT TO ESTABLISH THAT GROWER SUFFERED DAMAGES FROM COMMISSION COMPANY'S REFUSAL TO RECEIVE IT.—In an action by a grower against a commission company for breach of contract to receive and market lettuce, evidence of the market price of lettuce in New York and Chicago on the dates the lettuce would have reached those places had it been accepted, showing that he would have received something substantial, whereas because of defendant's refusal to accept it, it was a total loss, established that plaintiff suffered damages.

4. PRINCIPAL AND AGENT — EVIDENCE HELD TO JUSTIFY INSTRUCTION THAT, IF A REPRESENTATIVE OF A COMMISSION COMPANY HAD AUTHORITY TO STOP DELIVERIES OF VEGETABLES, THE COMPANY WOULD BE ESTOPPED TO DENY HIS AUTHORITY.—In an action by

---

1. See 2 R. C. L. 193.

3. Recovery of profits as damages for breach of contract to sell on commission, notes, 6 Ann. Cas. 976; 10 Ann. Cas. 654.

4. See 21 R. C. L. 907.

a grower of lettuce against a commission company for breach of contract to receive and market lettuce, evidence *held* sufficient to justify an instruction that if the jury believed that a certain person was the representative of the defendant and had authority to stop deliveries of lettuce, then the defendant would be estopped to deny his authority.

5. APPEAL AND ERROR — INSTRUCTIONS THAT JURY SHOULD RELY ON LOCAL MARKET IN DETERMINING DAMAGES FOR BREACH OF CONTRACT HELD NOT ERROR IN VIEW OF RESULT.—In an action by a grower against a commission company for breach of contract to receive and market lettuce, in view of evidence of the price paid by a local produce broker, and that there was a good market for lettuce in the state, an instruction that the jury might consider the local market for lettuce was not error, where, if the jury had relied on the local market in fixing the amount of their judgment instead of the price in the Chicago and New York markets, the result would have been about the same.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Mr. G. P. Bullard and Mr. E. W. O'Meara, for Appellant.

Messrs. Jennings & Strouse, for Appellee.

ROSS, J.—We will refer to the parties as plaintiff and defendant in the course of the opinion.

This is an action for damages for breach of contract. For a sufficient consideration the plaintiff on January 8, 1922, entered into a contract with defendant, employing the latter as his exclusive agent, on a commission basis, to distribute, market and sell his 1922 lettuce crop, the acreage being described as seven acres located near Tempe, Arizona. Under the terms of the contract it was the duty of plaintiff to raise, harvest and deliver lettuce in crates (to be bought of defendant) at its platform in Mesa where

5.  See 8 R. C. L. 489.
    See 2 C. J. 962; 4 C. J. 859, 1043; 25 C. J. 404; 38 Cyc. 1347.

lettuce was to be received, inspected, and graded by defendant. It is alleged in the complaint that plaintiff on his part performed all of the conditions of contract and at time of maturity of lettuce he notified defendant of his readiness to deliver the lettuce. It is further alleged in the complaint:

"That said defendant breached the terms of said contract in this: That between the 1st day of May and the 13th day of May, 1922, the said crop of lettuce was matured and ready for delivery; that the plaintiff notified the defendant and its agents that the said crop of lettuce was ready for delivery; that said defendant failed and refused to accept and receive any of the lettuce delivered or offered to be delivered by the plaintiff, but on the contrary notified the plaintiff that it would not accept or receive for marketing any of the lettuce delivered and offered to be delivered by the plaintiff, except the lettuce grown upon one acre of the aforesaid tract of land; that the lettuce so grown by the plaintiff on the aforesaid tract of land was of first-class variety and of the reasonable value of $3,500, and this defendant, by its agents, had agreed to accept and market all of said crop of lettuce; that the character of the lettuce crop is such that if not cut and marketed at the exact time when the said lettuce becomes matured it is wholly ruined and loses its value; that by reason of the aforesaid breach of the contract by the defendant, the plaintiff lost his entire crop of lettuce aforesaid, and the value thereof except the one-acre tract as mentioned, all to his damage in the sum of three thousand ($3,000) dollars."

The issues tried were those raised by a general denial.

The case was tried to the court with a jury, and plaintiff had verdict and judgment for $825.12. Defendant appeals from judgment and the order overruling its motion for new trial.

The principal ground of defendant's complaint is found in its assignment No. 1, which reads as follows:

"The verdict and judgment are not justified by the evidence and are contrary to law, for the reason: First, that this being an action for a breach of contract there is no proof in the case of any such breach by the defendant; second, there was no proof of damage."

This assignment invites the court to review the evidence, or to examine it, to ascertain if there is any substantial evidence in the record supporting plaintiff's complaint. Under the rule so frequently announced by this court and others, under this character of assignment, we will not undertake to weigh the evidence or decide which way it preponderates. Those are functions belonging to the jury.

It will be noticed that the breach charged against the defendant is that it refused to accept from the plaintiff the delivery of his lettuce when it was ready for delivery. Defendant in its brief argues that there "is no substantial evidence" to support this allegation. In the next breath, however, defendant makes this admission:

"There is no proof whatsoever in the plaintiff's case of any refusal to accept his lettuce, though there was proof of a refusal in defendant's case."

This admission is in harmony with the record. It seems that the lettuce crop matured the last days of April and plaintiff delivered to defendant at its platform in Mesa two or three loads, or 218 crates. The man in charge of defendant's receiving platform (a Mr. Lingle), while plaintiff was delivering a load of lettuce, advised him not to bring any more until he was further notified. This man Lingle was spoken of by the witnesses as the superintendent and described as having charge of the employees around the receiving platform. And Mr. Guy Jones, who negotiated the contract between plaintiff and defendant as the representative of the defendant, testi-

fied that Lingle was in charge of the receiving of lettuce.

It makes no difference whether the evidence of Lingle's agency was developed in plaintiff's case or in defendant's case. When the issue was submitted to the jury, there was substantial evidence that defendant had told plaintiff to discontinue the delivery of lettuce. The evidence also shows that when plaintiff was advised to resume delivery, although crates for that purpose were under the contract to be secured from defendant, upon application an insufficient number was furnished. There is evidence that plaintiff had a 100 per cent stand and that his lettuce was of good quality, one witness stating that plaintiff's crop would average from 300 to 350 crates per acre. There was other testimony of a similarly substantial character going to support plaintiff's complaint. Of course, defendant's testimony was in sharp conflict. The defendant refused on May 15th to accept any more lettuce whatever, and at that time it was in such an advanced condition as to make it impossible for plaintiff to dispose of it to anyone else.

Under the second subdivision of this assignment, to the effect that there was no proof of damage, defendant admits that the market reports of New York and Chicago were stipulated into the evidence. These reports showed that, after deducting all expenses of shipping, crating and picking, first-class lettuce would have netted a shipper from Mesa something like $1 per crate, and that had plaintiff's lettuce been accepted as it matured and was ready it could have been placed on those markets. A local produce merchant examined plaintiff's crop of lettuce and testified that he was paying for that character of lettuce 75c to $1.20 per crate, in the field.

The evidence of the market prices in New York and Chicago on the dates when plaintiff's lettuce would have reached those places, had it been ac-

cepted, showing, as it does, that he would have realized something substantial for his lettuce, whereas because of defendant's failure to accept it, it was a total loss to him, seems to us to establish that plaintiff suffered damages.

The second assignment is without merit. It is directed at an instruction of the court to the effect that if the jury believed from all the evidence, and the circumstances and conditions, and the nature of the employment, that Lingle was the representative of the defendant and had authority to stop deliveries of the lettuce, then the defendant company would be estopped to deny his authority. It is said there was no evidence upon which to base this instruction. From what we have already said and shown it is apparent that there was ample evidence to justify the giving of the instruction.

Complaint is also made of that part of another instruction, on the question of damages, in these words:

"You may also take into consideration the local market price of lettuce, if you find there was a local market price at the time the plaintiff Curry's lettuce was ready for the market, . . . "

—because, defendant says, there was no evidence of a local market price for lettuce.

The evidence as to the state of the local market is not as satisfactory as it might be. However, a general produce merchant of some years' standing in the community and who, presumably, was paying the going prices, testified that he was paying for first-class lettuce 75c to $1.20 per crate, in the field. He said he did not know what the general market price in Phoenix was, but that there was a good market for lettuce. It seems to us that the prices paid for an article by a produce broker at a given time and place ought ordinarily to be a fair index of the market price. At all events, if the jury should have relied upon the local price in determining the amount of

their judgment, instead of the price in the Chicago and New York markets, the result would have been about the same.

Finding no error in the trial of the issues in the case, the judgment of the lower court must be affirmed; and it is so ordered.

McALISTER, C. J., and LYMAN, J., concur.